COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (170085) (nealsc@cooley.com)
THOMAS J. FRIEL, JR. (80065) (tfriel@cooley.com)
MICHELLE S. RHYU, PH.D. (212922) (rhyums@cooley.com)
BRADLEY A. WAUGH (220964) (bwaugh@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:     (650) 857-0663

COOLEY GODWARD KRONISH LLP
MARTIN S. SCHENKER (109828) (mschenker@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Plaintiff
ONYX PHARMACEUTICALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ONYX PHARMACEUTICALS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>BAYER CORPORATION, BAYER AG, BAYER HEALTHCARE LLC, AND BAYER SCHERING PHARMA AG,<br><br>  Defendants. | Case No. C 09-2145 (MHP)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND INFORMATION** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

This Stipulation and Proposed Order sets forth the general protocol and agreement of the parties to this litigation regarding the procedure for production of documents and information (collectively "document(s)"). The parties shall take reasonable steps to comply with this agreed-upon protocol. This protocol is adopted in concert with the Stipulated Protective Order, and nothing in this protocol is intended to contradict the obligations set forth in the Protective Order.

This Stipulation and Proposed Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Stipulation and Proposed Order imply that Discovery Material produced under the terms of this Stipulation and Proposed Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Nor does this Stipulation and Proposed Order alter or expand the preservation obligations of any party; such obligations are set forth in a separate order. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Stipulation and Proposed Order shall be interpreted to require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

**A.   Scope**

1. To the extent reasonably possible, the Litigation and discovery shall be conducted so as to maximize efficient and quick access to document discovery and minimize paper document production and distribution costs. All documents that originally existed in either hard-copy or native electronic form that are not privileged or otherwise protected from production and are responsive to discovery requests or a Court Order – or are otherwise produced in these proceedings – shall be produced, subject to objections and responses, in electronic image form in the manner provided herein.

2. Except as specifically limited herein, the procedures and protocols set forth below govern the production of discoverable documents and electronically stored information by the parties during the pendency of the Litigation.

3. Reasonable efforts will be made to ensure that all natively-produced documents shall be decrypted, but the parties have no affirmative duty to identify encrypted documents prior to production.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

4. Reasonable efforts will be made to ensure that all documents are legible. If a copy is not legible, upon reasonable request, the original shall be made available for inspection and copying within thirty (30) days of a request from the Receiving Party, or as mutually agreed upon by the parties.

**B.     Definitions**

The following definitions further clarify the scope of this protocol:

1. The term "Bates Number" means a unique number permanently affixed to a document produced in litigation.

2. The term "Custodian" means a person who had custody of information or a document prior to collection for production.

3. The term "Database" means an electronic collection of structured data (often maintained in a non-custodial manner), such as data created and maintained in Oracle, SAP, SQL, Microsoft Access, or FileMaker Pro.

4. The term "Electronic Document" means any document existing in electronic form including word processing files (e.g. Microsoft Word), computer presentations (e.g., PowerPoint slides), Databases or spreadsheets (e.g., Excel), together with the Metadata associated with each such document.

5. The term "Load File," as used herein, refers to a file or files issued with each production providing a map to the images and meta-data or objective coding contained within the production.

6. The term "Optical Character Recognition" or "OCR" refers to the result of the process by which a hard copy document is analyzed by a computer for the purposes of creating a plain-text Electronic Document that contains the textual content gleaned and recognized from the original hard copy document. The term "Extracted Text" shall refer to the result of the process by which textual content of an Electronic Document is gleaned and extracted from an original Electronic Document for the purpose of creating a plain-text Electronic Document containing the textual content from that Electronic Document.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

7. The term "Metadata," as used herein, includes, but is not limited to, structured fields or information stored with or associated with a given file. Non-limiting examples of specific fields of Metadata are set forth in Section D(5), *infra*.

8. The term "Native Format," as used herein, means the default format of a data file created by its associated software program. For example, Microsoft Excel® produces its output as '.xls' files by default, which is the native format of Excel. Microsoft Word® produces native files with a '.doc' extension, which is the native format of Word.

9. The term "Producing Party" means any party to the Action who produces documents or information under this Order.

10. The term "Receiving Party" means any party to the Action who receives documents or information under this Order.

**C.   Search Protocol for Electronic Information**

1. Either side may use term-searching as the primary means of identifying electronic information responsive, subject to objections, to the other side's requests for production. Each side shall be responsible for generating search terms or expressions that it believes, in good faith, will return a reasonably high proportion of responsive documents. Each party's counsel may select its search terms or expressions without resort to expert assistance or quality-assurance methods beyond those discussed below. The following provisions are intended to provide quality assurance.

2. Each side shall disclose a list of the search terms or expressions it used. Each side is encouraged to suggest any revision or addition to the terms. The parties will endeavor to confer cooperatively to obtain terms agreeable to all parties.

3. Before bringing a motion or otherwise arguing to the Court or jury that a Producing Party's search methodology was inadequate, a Receiving Party must identify the proposed inadequacy and meet and confer in order to allow the Producing Party a reasonable amount of time to cure the proposed inadequacy.

**D.   Format Protocol for Specific Types of Discoverable Electronic Information**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1. **Documents in Hard Copy:** All documents that exist in hard copy shall be produced as black and white images at not less than 300 dpi resolution and shall be saved and produced in a Group IV compression single-page TIFF format file, with OCR text, when technologically feasible (i.e., certain categories of documents may not be suitable for OCR, such as handwritten notes or graphic representations).  The document's electronic image must convey the same information as if the subject document was produced in a hard copy form.  Documents shall be generally produced as they are maintained in the ordinary course of business, including maintaining, to the extent possible with reasonable production steps, the documents and attachments or affixed notes as they existed in the original when creating the image file.  Reasonable efforts shall be used to scan the pages or images at or near their original size and so that the print or image appears straight, and not skewed.  Physically oversized originals, however, may appear reduced.  The Parties agree that slight reduction of image size may be necessary in order to display Bates Numbers without obscuring text. OCR shall be produced as multi-page text files whose file name is identical to the name of the first TIFF file of the corresponding document and contain the file extension ".TXT".

2. **Electronic Documents:** All documents existing in electronic format shall be produced in a Group IV TIFF compression, single-page, black and white format file with Metadata. The Metadata associated with each produced document will be contained in a separate load file or files *(see* Section D(5), *infra).*  The parties shall only remove any information from the Metadata fields described below in Section D(5) on the grounds of privilege or attorney work product.  The parties will take reasonable steps to produce any documents attached to an email contemporaneously and sequentially immediately following the parent email.  Extracted Text shall be produced as multi-page text files whose file name is identical to the name of the first TIFF file of the corresponding document and contain the file extension ".TXT".

3. **Databases:** The parties shall identify and describe databases that contain material responsive to document requests when responding to document requests.  The description

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1   shall include a summary of the type of information available from the database and a
2   description of the work necessary to provide responsive information from the database.
3   The parties shall cooperate to produce responsive information from the database to the
4   extent reasonably accessible, considering undue burden and cost. The parties shall meet
5   and confer in order to ensure that the information from the Database is produced in a
6   reasonably usable form.

7   4.   **Production of Native Files or Hard Copies:** After reviewing any document produced in
8   TIFF format, a Receiving Party may request a color hard copy or native-format copy of that
9   document by identifying its Bates Number range.  Upon reasonable request, the Producing
10  Party shall generally produce the document in the format requested or otherwise respond
11  within ten (10) days of receipt of the request, but in no instance shall fail to produce the
12  document or otherwise respond within thirty (30) days of receipt of the request.  Parties
13  shall cooperate with each other to facilitate the acquisition of appropriate licenses and
14  technical information to review files produced in native format.

15  5.   **Metadata and load files:** The parties shall identify and produce Metadata, as set forth
16  below.

17  a.   For each Electronic Document produced, a load file or files shall be produced
18  identifying the following pieces of information, to the extent they exist and apply to the
19  original Electronic Document:

20   (i)    Title or Subject;
21   (ii)   To;
22   (iii)  CC;
23   (iv)   BCC;
24   (v)    All Recipient(s)
25   (vi)   Author or Sender;
26   (vii)  Date Modified;
27   (viii) Date Created;
28   (ix)   Date Sent
     (x)    Starting Bates number;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

        (xi)     Ending Bates number;

        (xii)    Starting Attachment Bates number;

        (xiii)   Ending Attachment Bates number;

        (xiv)   Custodian or non-custodial repository name;

        (xv)    Date produced for discovery;

        (xvi)   Document application;

        (xvii)  Original file path

        (xviii) File extension.

b.    For any other document produced in TIFF format, a load file or files shall be produced identifying the following pieces of information:

        (i)      Starting Bates number;

        (ii)     Ending Bates number;

        (iii)    Starting Attachment Bates number;

        (iv)    Ending Attachment Bates number;

        (v)     Custodian or non-custodial repository name;

        (vi)    Date produced for discovery.

c.    **Load Files**.  Load files shall be produced for all images and metadata produced. TIFF images shall be produced with an Opticon load file.  Metadata shall be produced in a .dat file with standard Concordance delimiters.  The .dat file containing metadata will contain a "text_link" fields containing the physical paths to the produced OCR or Extracted Text files.

E.    **Document/Data Identification Conventions for All Types of Discoverable Electronic Information**

1.    **Production Media:** All discoverable electronic information that is produced in this proceeding by any party shall initially be produced in electronic image format in the manner provided herein, on a hard drive, CD, DVD, or other mutually agreeable format. Producing Parties are encouraged to use hard drives for productions greater than 10 gigabytes.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

2. **Bates Numbering:** Each individual piece of computer media produced must be clearly labeled with a Volume ID number and a Bates range that is indelibly written on, or affixed to the media.

   a. Every page of each document produced in TIFF format shall have a legible, unique Bates Number electronically "burned" onto the image. The Bates Number shall be placed at the lower right corner of the page. Slight reduction of image size may be necessary in order to display Bates Numbers without obscuring information from the original document otherwise reasonable steps shall be taken to place the Bates Number at a location that does not obscure any information from the source document.

   b. In the event a document is reproduced in a modified form (e.g., portions of the document are unredacted as a result of a privilege challenge), the document shall bear the same Bates Number as the originally produced version along with an alphabetical suffix (e.g., 00001234-A)

   c. Except for redactions, there shall be no other legend or stamp placed on the document image unless a document qualifies for confidentiality designations per the Stipulated Protective Order. In such case, the document image may also have burned in an appropriate legend regarding confidentiality. Slight reduction of image size may be necessary in order to display the legend without obscuring information from the original document otherwise steps shall be taken to place the legend at a location that does not obscure any information from the source document. If the confidentiality designation of a document is later changed, the Producing Party shall produce a new version of the document with the appropriate confidentiality legend.

   d. Produced document file names shall correspond with the Bates number imprinted on the document. For example, if the Bates number "BL0000001 was imprinted, the document would bear the name "BL0000001.tif."

   e. The file name of any document produced in native format shall be renamed with a new Bates number or a Bates Number corresponding to the first page of the originally

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1   produced TIFF image document before production. The original file name shall be

2   produced as a Metadata field as described *supra*.

3       f.    Bates numbers should contain at least eight (8) numeric digits.

4   3.  **File Naming Conventions:** Unless not practicable or otherwise agreed upon, each

5   TIFF image file shall be named with the unique Bates Number of the corresponding TIFF

6   image, followed by the extension ".TIF." Each piece of production media shall be

7   uniquely named with a sequential number that includes the Producing Party's unique alpha

8   identifier (e.g., "BAYER1," "BAYER2," *etc.*). The parties will cooperate to ensure that

9   the logistics of production are efficient and economical, including production media, and

10  naming conventions and procedures for directories and subdirectories.

11  4.  **Privilege and Attorney Work Product:** Producing Parties shall only withhold

12  discoverable information on the basis of privilege or attorney work-product within the

13  bounds of applicable law or the Orders of this Court. All documents withheld or redacted

14  on the grounds of privilege or attorney work product shall be described on a privilege log,

15  except as otherwise agreed in writing by the parties. Any privilege logs shall be produced

16  on a rolling basis and shall not delay the production of nonprivileged documents because

17  of the preparation of a privilege log. A privilege log for documents redacted on privilege

18  or attorney work product grounds shall generally be produced within sixty (60) days of

19  production of the redacted document. Privilege Logs shall be produced in an Excel

20  Spreadsheet format, and shall contain, at least, the following information for each

21  document withheld or redacted on the grounds of privilege or attorney client work

22  product: Bates Range, Date, Applicable Privilege, Subject, and Names associated with the

23  document (with Author, Recipient(s), Carbon Copy Recipient(s), and Blind Carbon Copy

24  Recipient(s) if apparent from the document).

25  5.  **Expert Work Product:** The parties propose the following limitation on discovery from

26  experts, other than experts (i) who are employees or former employees of a party; and (ii)

27  who have, in connection with their employment by a party (and independent of their

28  service as an expert), performed any work relating to sorafenib or regorafenib: Written

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1   communications between counsel and experts, drafts of expert reports and experts' notes
2   shall be non-discoverable in this action, except to the extent that the expert relies upon
3   such communications or notes as the basis for his or her opinion(s) and are not otherwise
4   disclosed in the expert report, its attachments and/or exhibits.  The parties and experts
5   (except as noted above) need not produce drafts of the expert reports (or related
6   demonstratives or exhibits), other work product prepared by the experts or their staffs, or
7   notes, emails, or other communications made in connection with the drafting of the
8   reports.  Oral or written communications, and notes concerning such communications,
9   between experts (except as noted above) and counsel for the party expecting to call the
10  expert as a witness shall not be discoverable unless the expert is relying on the
11  communication as part of the basis for his or her expert testimony.  This stipulation does
12  not apply to underlying materials and documents received by an expert from counsel.  Nor
13  does this prevent a party from asking the expert questions in a deposition about the
14  manner in which the expert report was prepared.  Notwithstanding the foregoing, drafts of
15  expert reports shall be non-discoverable for any experts (i) who are employees or former
16  employees of a party; and (ii) who have, in connection with their employment by a party
17  (and independent of their service as an expert), performed any work relating to sorafenib
18  or regorafenib.

6. **Delivery:**

   a.   All computer media must be properly packaged to ensure safe shipping and handling.

   b.   All computer media that is reasonably capable of being write-protected should be write-protected before production.

**F.    Resolution of Disputes Concerning Electronic Discovery**

1. Notwithstanding any provision set forth above, any party may apply to the Court for relief, but only after first meeting and conferring in good faith with the other party to attempt to resolve or otherwise narrow any dispute, and after giving sufficient notice to be heard.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1    2.     Because of the potential for a large number of documents to be produced, it may not be
2           possible to review the images immediately upon production.  The parties will identify any
3           problems they encounter with imaged document(s) promptly after discovery of the
4           problem, and thereafter the parties will cooperate in good faith to resolve the problem.

**G.     Inadvertent Production of Documents Subject to Privilege or Attorney Work Product Protections.**

In the event that one of the law firms that is counsel of record in this action learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, work product, or other valid basis has been produced inadvertently, counsel shall notify the Receiving Party or parties in writing within thirty (30) days after so learning or discovering that such inadvertent production has been made.  The inadvertently disclosed documents and all copies thereof shall be returned to the Producing Party and the Receiving Party shall not, without good cause shown, seek an order compelling production of the inadvertently-disclosed documents on the ground that the Producing Party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced.  Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the Producing Party has given timely notice

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)

1   as provided in this paragraph.  Counsel shall cooperate to restore the confidentiality of any
2   such inadvertently produced information.

3
4   Dated:  September 25, 2009          COOLEY GODWARD KRONISH LLP

5
6                                       /s/
    ─────────────────────────────────
    Michelle S. Rhyu
7   Attorneys for Plaintiff
    ONYX PHARMACEUTICALS, INC.

8   Dated:  September 25, 2009          BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
9
10
                                        /s/
    ─────────────────────────────────
11  Mark Levine
    Attorneys for Defendants
12  BAYER CORPORATION, BAYER AG,
    BAYER HEALTHCARE LLC, AND BAYER SCHERING
13  PHARMA AG

14
15       **IT IS SO ORDERED** this  28 _th day of September 2009.

16
17
18
19                                      ─────────────────────────────────
                                        IT IS SO ORDERED
20                                      Judge Marilyn H. Patel
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA
21
22
23
24
25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

**STIP. & [PROPOSED] ORDER RE DOCUMENT
PRODUCTION PROTOCOL
CASE NO. C 09-2145 (MHP)**

**GENERAL ORDER 45 ATTESTATION**

In accordance with General Order 45, concurrence in the filing of this document has been obtained from each of the signatories and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated:  September 25, 2009         COOLEY GODWARD KRONISH LLP


_____/s/_____
Michelle S. Rhyu

Attorneys for Plaintiff
ONYX PHARMACEUTICALS, INC.