LAWRENCE R. KATZIN (CA SBN 142885)
LKatzin@mofo.com
AMY C. DACHTLER (CA SBN 248589)
ADachtler@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK L. LEVINE (admitted pro hac vice)
mark.levine@bartlit-beck.com
JASON L. PELTZ (admitted pro hac vice)
jason.peltz@bartlit-beck.com
BRIAN C. SWANSON (admitted pro hac vice)
brian.swanson@bartlit-beck.com
J. SCOTT MCBRIDE (admitted pro hac vice)
scott.mcbride@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard St., Suite 300
Chicago, IL  60654-5697
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Attorneys for Defendants
BAYER CORPORATION; BAYER HEALTHCARE LLC;
BAYER AG; BAYER SCHERING PHARMA AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ONYX PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAYER CORPORATION, et al., <br><br> Defendants. | Case No.  CV 09 2145 MHP <br><br> **STIPULATION AND [PROPOSED] ORDER REVISING TRIAL DATE AND PRETRIAL SCHEDULE** <br><br> **AS AMENDED BY COURT** |

IT IS HEREBY STIPULATED by and between plaintiff Onyx Pharmaceuticals, Inc. ("Onyx") and defendants Bayer Corporation, Bayer AG, Bayer HealthCare LLC and Bayer Schering Pharma AG (collectively, "Bayer") as follows:

1. WHEREAS, on August 21, 2009, the parties submitted the initial joint case management statement proposing trial in May 2011, and on August 31, 2009, as a result of the initial case management conference, this Court entered an Order setting this matter for trial on May 17, 2011;

2. WHEREAS, on August 2, 2010, the Court entered a supplemental case management Order that shifted some dates but maintained the May 17, 2010 trial date;

3. WHEREAS, the parties have been extremely busy producing millions of pages of documents and completing 20 depositions all over the world.  But given the remaining discovery, the parties respectfully request an approximate four-week extension of remaining due dates as set forth below.  The parties also proposed additional language to provide clarity regarding what needs to be accomplished on each date;

4. WHEREAS, Onyx believes the trial date need not be continued, but is willing to compromise and agree to this approximate four-week extension.  Onyx only agrees to this new schedule, however, if the Court can accommodate a trial beginning on June 13, 2011.  Otherwise, Onyx believes the Court should adopt the stipulated deadlines below for fact discovery and expert discovery (events 1, 2, 3 and 6) and should maintain all other deadlines according to the current schedule;

5. WHEREAS, given the remaining work, Bayer believes the schedule should be shifted at least 90 days but is willing to compromise and agree to this approximate four-week extension.  Bayer remains hopeful that, if both parties use their best efforts, the remaining discovery can be accomplished and the parties can heed these proposed new dates.  But given the tightness of the proposed schedule, should circumstances necessitate, Bayer reserves the right to request a further extension of the schedule if necessary and upon a showing of good cause. Bayer believes that Onyx's alternative proposal (should the Court not be able to accommodate a trial beginning on June 13, 2011) to shift some of the deadlines but not others is unworkable and creates conflicts and prejudice; and

6. WHEREAS, the remaining discovery outstanding includes:
- Ten fact depositions, two of which require international travel;

- Twenty hours of deposition for individuals listed on the parties' witness lists who have not yet been deposed;
- Bayer's responses to Onyx's twenty new requests for production, which were timely served on October 19, 2010;
- Bayer's responses to Onyx's seventeen new interrogatories (Bayer believes there are more than seventeen given subparts), which were timely served on October 19, 2010;
- Bayer's responses to Onyx's eighteen new requests for admission, which were timely served on October 19, 2010;
- Production of documents by Onyx in response to Bayer's ten new requests for production, which were timely served on October 12, 2010; and
- Production of documents by both parties from certain new custodians,

THEREFORE, the parties stipulate and jointly move the Court to enter a revised case management Order reflecting the following revised schedule:

| Event | Current Schedule | Revised Schedule |
|---|---|---|
| 1. Fact discovery deadline | 11/18/10 | 12/17/10 (but no new written discovery) |
| 2. Exchange of expert reports by the party bearing the burden of proof on the issues raised in the expert report | 12/2/10 | 1/10/11 |
| 3. Exchange of responding party expert reports | 1/7/11 | 2/7/11 |
| 4. Trial witness disclosures, listing witnesses the parties in good faith intend to call at trial | 1/11/11 | 1/14/11 |
| 5. Supplemental trial witness disclosures (only for "good cause" based on initial trial witness disclosures and responding party's expert reports) | None | 2/11/11 |
| 6. Expert discovery deadline | 2/4/11 | 3/04/11 |
| 7. Depose trial witnesses not yet deposed (20 hour total limit) | 2/16/11 | 3/04/11 |
| 8. Deadline to file motions on merits | 2/7/11 | 3/14/11 |
| 9. Deadline to hear motions on merits | 3/14/11 | 4/18/11 |
| 10. Joint Pretrial Conf Statement and Order | 4/6/11 | 5/06/11 |
| 11. Exhibit and Testimony Objections | 4/20/11 | 5/20/11 |
| 12. Pretrial Conference | 4/27/11 | ~~5/31/11~~  6/1/11 at 2:30 pm |
| 13. Trial | 5/17/2011 | ~~6/13/11~~  6/14/11 at 8:30 am |

IT IS SO STIPULATED.

Dated:  November 16, 2010

LAWRENCE R. KATZIN
AMY C. DACHTLER
MORRISON & FOERSTER LLP

MARK L. LEVINE
JASON L. PELTZ
BRIAN C. SWANSON
J. SCOTT MCBRIDE
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP

By:   /s/ Lawrence R. Katzin
     LAWRENCE R. KATZIN

Attorneys for Defendants
BAYER CORPORATION,
BAYER AG,
BAYER HEALTHCARE LLC, and
BAYER SCHERING PHARMA AG

Dated:  November 16, 2010

STEPHEN C. NEAL
MARTIN S. SCHENKER
MICHELLE S. RHYU
BRADLEY A. WAUGH
COOLEY LLP

By:   /s/ Michelle S. Rhyu
     MICHELLE S. RHYU

Attorneys for Plaintiff
ONYX PHARMACEUTICALS, INC.

**SUPPLEMENTAL CASE MANAGEMENT ORDER**

This Stipulation and [Proposed] Order Revising Trial Date and Pretrial Schedule is hereby adopted by the Court as the Case Management Order for the case.

IT IS SO ORDERED

Dated:  11/16/2010                        _____



The Honorable
United States

**GENERAL ORDER 45 ATTESTATION**

In accordance with General Order 45, concurrence in the filing of this document has been obtained from each of the signatories and I shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party.

      /s/ Lawrence R. Katzin
   LAWRENCE R. KATZIN

Attorneys for Defendants
BAYER CORPORATION,
BAYER AG,
BAYER HEALTHCARE LLC, and
BAYER SCHERING PHARMA AG