**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ONYX PHARMACEUTICALS, INC.,            No. C-09-2145 EMC

      Plaintiff,

      v.                                         **COURT'S PROPOSED JURY
                                                INSTRUCTIONS**

BAYER CORPORATION, *et al.*,

      Defendants.

_____/

     Attached are the Court's proposed Jury Instructions.  The parties shall again meet and confer and reach agreement on the disputed instructions, taking into account the Court's comments.  They shall file and submit to the Court two chambers copies of an agreed upon set of instructions by 4:00 p.m., Thursday, October 6, 2011.  If there are remaining disputes as to the instructions, objections to the instructions proposed by the Court shall be filed as well by said deadline.

     IT IS SO ORDERED.

Dated:  September 30, 2011

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY [TO BE READ BEFORE OPENING STATEMENTS]**

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1A.

Court Note:  The Court prefers the 9th Circuit model instruction as it provides greater detail about the role of the jury.

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES [TO BE READ BEFORE OPENING STATEMENTS]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

In 1994, Bayer and Onyx entered into a "Collaboration Agreement."  Under the terms of their Agreement, Bayer and Onyx agreed to conduct joint research for a period of time in an effort to develop certain cancer-fighting compounds.  Through their collaboration, Bayer and Onyx developed an anti-cancer drug they called Nexavar.  Bayer and Onyx split the profits from the sale of Nexavar.   Nexavar is approved for the treatment of kidney cancer and liver cancer.  You will also hear Nexavar referred to as "sorafenib."

In this lawsuit, Onyx alleges that Bayer breached the Collaboration Agreement, and other duties, by denying that Onyx has rights to a second compound,  called "regorafenib" or "DAST."  Onyx further alleges that Bayer impeded the development of Nexavar in order to advance its interest in DAST, and that this conduct has caused Onyx to suffer damages.

Bayer denies these claims and asserts that its conduct in developing DAST was proper under the terms of the Collaboration Agreement and that it has not impeded the development of Nexavar.  Bayer also asserts certain defenses to Onyx's claims.  I will explain these claims and defenses in more detail to you at the conclusion of the evidence.

Court Note:  This instruction was stipulated to by the parties.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**JURY INSTRUCTIONS NO. 3**

**WHAT IS NOT EVIDENCE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:  9th Cir. Model Civil Jury Instruction No. 1.7.

Court Note:  The Court prefers the 9th Circuit model instruction as it provides an expanded explanation on why the list is not evidence.

**JURY INSTRUCTION NO. 4**

**EVIDENCE FOR A LIMITED PURPOSE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.04 (9th Cir. 1993).

Court Note:  The version of this instruction stipulated by the parties is substantively the same as the 9th Cir. Model Civil Jury Instruction No. 1.8, but the 9th Circuit Model has it in two paragraphs.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


Authority:  9th Cir. Model Civil Jury Instruction No. 1.9; *Manual of Model Jury Instructions*, CJI No. 1.05 (9th Cir. 1993 Ed.).


Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 6**

**CREDIBILITY OF WITNESS**

**[TO BE READ BEFORE OPENING STATEMENTS]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness' memory;

3.  The witness' memory while testifying;

4.  The witness' interest in the outcome of the case and any bias or prejudice;

5.  Whether other evidence contradicted the witness' testimony;

6.  The reasonableness of the witness' testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.07 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 7**

**PARTIES' STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1.  Bayer AG is a corporation organized under the laws of Germany, with its principal place of business in Leverkusen, Germany.

2.  Bayer Corporation is a wholly-owned subsidiary of Bayer AG.  Before March 28, 1995, Bayer Corporation operated under the name Miles, Inc.

3.  Bayer HealthCare LLC is a limited liability company and is a subsidiary of Bayer Corporation.

4.  Bayer Schering Pharma AG is a corporation organized under the laws of Germany, wholly-owned by Bayer AG.

5.  Onyx Pharmaceuticals was founded in April 1992.

6.  Onyx and Bayer began negotiations for a collaboration agreement in late spring of 1993.

7.  On or around April 22, 1994, Miles, Inc. and Onyx Pharmaceuticals, Inc. executed the Collaboration Agreement.

8.  The Collaboration Agreement was amended on or around April 24, 1996 ("The First Amendment").

9.  The Collaboration Agreement was amended again on or around February 1, 1999 ("The Second Amendment").

10.  In April 1998 Bayer chemists working within the collaboration synthesized the compound BAY43-9006, which is also referred to as "sorafenib."

11.  In 1999, the Parties decided to pursue clinical development of sorafenib.  The FDA approved sorafenib for treatment of kidney cancer in 2005 under the brand name, Nexavar®.  In 2007, Nexavar was approved for treatment of liver cancer.

12.  The compound known internally at Bayer as DAST has the International Nonproprietary Name of regorafenib.

United States District Court
For the Northern District of California

13.     Onyx filed this lawsuit on May 15, 2009.

Court Note:  This instruction was stipulated to by the parties in the Joint Supplemental Pretrial

Filing, Docket No. 213.

**JURY INSTRUCTION NO. 8**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Authority:  *Manual of Model Jury Instructions*, CJI No. 2.06 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties (with minor edits).

United States District Court

For the Northern District of California

-10-

**JURY INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

**[TO BE READ BEFORE OPENING STATEMENTS]**

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: *Manual of Model Jury Instructions*, CJI No. 1.06 (9th Cir. 1993 Ed.).

Court Note: This instruction is stipulated to by the parties.

**JURY INSTRUCTION NO. 10**

**BENCH CONFERENCES AND RECESSES**

**[TO BE READ BEFORE OPENING STATEMENTS]**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  *Manual of Model Jury Instructions*, CJI No. 2.02 (9th Cir. 1993 Ed.).

Court Note:  The instruction stipulated to by the parties.

**JURY INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**

**[TO BE READ BEFORE OPENING STATEMENTS]**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

You will then decide the case.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.11 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

United States District Court

For the Northern District of California

-13-

**JURY INSTRUCTION NO. 12**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.12 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

-14-

**JURY INSTRUCTION NO. 13**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

**[TO BE READ BEFORE OPENING STATEMENTS]**

When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim or affirmative defense is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

Authority:  *Manual of Model Jury Instructions*, CJI No. 5.02 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 14**

**QUESTION TO WITNESSES BY JURORS**

**[TO BE READ BEFORE OPENING STATEMENTS]**

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the Courtroom Deputy.

The Court and counsel will review your question.  Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the Courtroom Deputy.  Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.13 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 15**

**NO TRANSCRIPT AVAILABLE TO JURY**

**[TO BE READ BEFORE OPENING STATEMENTS]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time-consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.09 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

-17-

**JURY INSTRUCTION NO. 16**

**TAKING NOTES**

**[TO BE READ BEFORE OPENING STATEMENTS]**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  9th Cir. Model Civil Jury Instruction No. 1.14.

Court Note:  The Court prefers the 9th Circuit model instruction as providing more information to the jury.

**JURY INSTRUCTION NO. 17**

**CONDUCT OF THE JURY**

**[TO BE READ BEFORE OPENING STATEMENTS]**

I will now say a few words about your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. If someone should try to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Fifth, do not do any research, such as consulting dictionaries or other reference materials including that on the Internet, and do not make any investigation about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Sixth, if you need to communicate with me, simply give a signed note to the courtroom deputy to give to me.

Seventh, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.08 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties (with some additions).

**JURY INSTRUCTION NO. 18**

**CAUTIONARY INSTRUCTIONS – FIRST RECESS**

**[TO BE READ DURING TRIAL AS APPLICABLE]**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Do not do any independent research.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the courtroom deputy to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Source:  *Manual of Model Jury Instructions*, CJI No. 2.01 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties (with a minor edit).

**JURY INSTRUCTION NO. 19**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.01 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 20**

**USE OF NOTES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

You may use notes taken during trial to assist your memory.  Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.02 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 21**

**WHAT IS EVIDENCE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

The evidence from which you are to decide what the facts are consists of:

1.     The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.     The exhibits which have been received into evidence; and

3.     Any facts to which all the lawyers have agreed or stipulated.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.03 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 22**

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translation. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

Source: *Manual of Model Jury Instructions*, CJI No. 3.04 (9th Cir. 1993 Ed.).

Court Note: This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 23**

**WHAT IS NOT EVIDENCE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by the lawyers are not evidence.  That is different than sworn testimony by any witnesses that happen to be a lawyer.  What lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source:  *Manual of Model Jury Instructions*, CJI No. 3.05 (9th Cir. 1993 Ed.) (modified).

Court Note:  This instruction was stipulated to by the parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 24**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  *Manual of Model Jury Instructions*, CJI No. 1.05 (9th Cir. 1993 Ed.).

Court Note:  This instruction is stipulated to by the parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 25**

**CREDIBILITY OF WITNESS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness' memory;

3.  The witness' memory while testifying;

4.  The witness' interest in the outcome of the case and any bias or prejudice;

5.  Whether other evidence contradicted the witness' testimony;

6.  The reasonableness of the witness' testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


Authority: *Manual of Model Jury Instructions*, CJI No. 1.07 (9th Cir. 1993 Ed.).


Court Note: This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 26**

**OPINION EVIDENCE (EXPERT WITNESSES)**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.08 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 27**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: *Manual of Model Jury Instructions*, CJI No. 3.10 (9th Cir. 1993 Ed.).

Court Note: This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 28**

**CHARTS AND SUMMARIES IN EVIDENCE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.11 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 29**

**BREACH OF CONTRACT – INTRODUCTION**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Onyx and Bayer entered into an agreement to collaborate in the discovery, development and marketing of chemical compounds having activities against proteins in the Ras Pathway. Onyx claims that DAST is a Collaboration Compound under the terms of the Collaboration Agreement and that Bayer therefore breached the agreement by refusing to treat DAST as a Collaboration Compound. Onyx also claims that Bayer breached the agreement by impeding clinical trials for Nexavar because of its interest in DAST.

In addition, Onyx claims that Bayer's actions breached "the implied covenant of good faith and fair dealing" that is part of every contract. Onyx also claims that Bayer breached its fiduciary duties. Onyx claims that it is entitled to receive compensation from Bayer for the damage to Onyx's business resulting from Bayer's action in blocking or delaying the development of Nexavar. Onyx also seeks punitive damages.

Bayer denies that DAST is a Collaboration Compound. Bayer further denies that it has improperly impeded any clinical trials for Nexavar. Bayer also contends that Onyx's claim that DAST is a Collaboration Compound is barred by the statute of limitations and laches. Bayer also contends that Onyx's claim that Bayer blocked the development of Nexavar because of its interest in DAST is barred by the defenses of waiver and estoppel. Bayer denies that Onyx is entitled to any damages.

I will now explain each of these claims and defenses to you in more detail.


Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI No. 300 (December 14, 2010) (modified).


Court Note: Defendant objects to any instruction or argument where the jury is permitted to find that Defendant breached a fiduciary duty or the duty of good faith and fair dealing by refusing to treat DAST as a Collaboration Compound.

In general, "[n]o implied condition can be inserted as against the express terms of the contract or to supply a covenant upon which it was intentionally silent." *Foley v. Euless*, 214 Cal. 506, 511 (1931). The covenant of good faith and fair dealing in particular is "implied by law in every contract, [and] exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000); *see also Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (2005) ("Or, to put it another way, the implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose.") (citation omitted). "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers v. Marathon Dev. Calif.*, 2 Cal. 4th 342, 373 (1992). This implied covenant is particularly applicable where one party is given discretionary power affecting the rights of another party. *Id.* at 372.

Where the implied covenant of good faith and fair dealing is not contrary to an express term of the contract, the courts have permitted claims based on the implied covenant. *E.g.*, *Andrews*, 125 Cal. App. 578, 594 (finding that the implied covenant of good faith and fair dealing imposed an obligation on the parties to perform promises made in the lease terms). As the implied covenant protects the contractual purpose, a breach of the implied covenant will necessarily result in the breach of the contract. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1990). For example, in *Andrews v. Mobile Aire Estates*, the court found a breach of the implied covenant of good faith and fair dealing when the defendants failed to satisfy a term of its lease with the plaintiff. 125 Cal. App. 4th at 594. The lease term had stated that the defendant would try to maintain peace and quiet but the court found that the implied covenant of good faith and fair dealing imposed a separate obligation on the defendant "to do everything that the contract presupposes they will do to accomplish its purpose." *Id.* Otherwise, the lease term "would be rendered hollow." *Id.*

In the instant case, Plaintiff asserts a breach of the implied covenant of good faith and dealing supplemental to the breach of the Collaboration Agreement. Section 3.6 of the Collaboration Agreement states that:

> In all matters related to the collaboration established by this Agreement, the Parties shall be guided by standards of reasonableness in economic terms and fairness to each of the Parties, striving to balance as best they can the legitimate interests and concerns of the Parties and to realize the economic potential of the Products.  In conducting research, development, and commercialization activities under this Agreement neither Party shall prejudice the value of a Product by reason of such Party's activities outside of the [Collaboration].

Defendant argues that the implied covenant of good faith and fair dealing cannot impose substantive duties or limits on the contracting parties beyond what is already incorporated in the agreement.  However, Defendant does not explain why the implied covenant of good faith and fair dealing would not apply to ensure that the parties act in such a way so that each party receives the benefits of the agreement.  Such an implied covenant of good faith and fair dealing would not contravene the express terms of the contract.  Instead, the implied covenant could be read to require that in exercising discretion in, *e.g.*, balancing "as best they can the legitimate interests and concerns of the parties," the parties must act in good faith to ensure that the parties are not prevented from receiving the full benefits of the contract.  Like the lease term in *Andrews*, which stated that the defendants "will try to do what [they] can," Section 3.6 states that the parties will carry out the Collaboration Agreement "as best they can."  As in *Andrews*, the implied covenant may act as a supplement to the Collaboration Agreement terms by ensuring that the parties act to protect the interests in having the promises performed.  *See Andrews*, 125 Cal. App. 4th at 594; *see also Careau & Co.*, 222 Cal. App. 3d at 1393 ("When a court enforces the implied covenant it is in essence acting to protect the interest in having promises performed.") (quoting *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 689-90 (1988).

Nor does Section 3.6 exclusively define the obligations of the parties; it does not govern the parties' conduct to the exclusion of the implied covenant, because there is some ambiguity as to the precise scope of Section 3.6's requirements.  There is, in effect, room for the implied covenant to operate.  As long as the implied covenant does not contradict or create new substantive obligations inconsistent with the express terms or contravene a deliberate silence in the Collaboration Agreement, the implied covenant of good faith and fair dealing applies.  *See* 1 B.E. Witkins, *Contracts*, § 797 (2005).

1        Finally, the Court notes that Defendant has never moved for summary judgment on this

2   claim.  The claim for breach of the implied covenant alleged in the Second Amended Complaint

3   remains.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 30**

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

To establish that Bayer breached the contract by blocking or delaying the development of Nexavar, Onyx must prove all of the following by a preponderance of the evidence:

1.    That Onyx and Bayer entered into a contract;

2.    That Onyx did all, or substantially all, of the significant things that the contract required it to do or that it was excused from doing these things;

3.    That Bayer failed to do something that the contract required it to do; or that Bayer did something that the contract prohibited it from doing; and

4.    That Onyx was harmed by that failure.

The parties have stipulated that the first element is met in this case. Therefore, you are only charged with determining whether Onyx has proven the second, third and fourth elements.

Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI No. 303 (December 14, 2010).

Court Note: The Court has separated out the breach of contract claims into two instructions. This instruction relates to the damages sought by Plaintiff for the blocking or delaying of Nexavar development.

**JURY INSTRUCTION NO. 31**

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

To establish that Bayer breached the contract by failing to treat DAST as a Collaboration Agreement Compound, Onyx must prove all of the following by a preponderance of the evidence:

    1.    That Onyx and Bayer entered into a contract – the Collaboration Agreement.

    2.    That the DAST is a Collaboration Agreement Compound.

The parties have stipulated that the first element is met in this case. Therefore, you are only charged with determining whether Onyx has proven the second element.

Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI No. 303 (December 14, 2010).

Court Note: The Court includes this additional instruction with respect to the breach of contract in regard to the DAST/Collaboration Agreement Compound claim for purposes of declaratory relief.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 32**

**INTERPRETATION – MEANING OF ORDINARY WORDS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.


Authority:  *Judicial Council of California Model Civil Jury Instructions*, CACI No. 315 (December 14, 2010).


Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

-38-

**JURY INSTRUCTION NO. 33**

**INTERPRETATION – MEANING OF TECHNICAL WORDS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.


Authority:  *Judicial Council of California Model Civil Jury Instructions*, CACI No. 316 (December 14, 2010).


Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 34**

**CONSTRUCTION OF CONTRACT AS A WHOLE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

Authority:  *Judicial Council of California Model Civil Jury Instructions*, CACI No. 317 (December 14, 2010); Cal. Civil Code § 1641.

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 35**

**INTERPRETATION – SURROUNDING CIRCUMSTANCES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

In determining the meaning of the contract, you may consider all of the circumstances leading to the contract, such as the negotiations and statements of the parties before the contract, and the object, nature, and subject matter of the contract. The mutual intention of the parties is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of objective matters such as the surrounding circumstances under which the parties negotiated or entered into the contract, the object, nature, and subject matter of the contract, and the subsequent acts and conduct of the parties. You should not determine the mutual intention of the parties based on either party's thoughts or intentions that were not expressed or disclosed to the other party.

Authority: *Matthew Bender, Cal. Forms of Jury Instruction* No. 300B.03 and 300B.04 (2010).

Court Note: This instruction was stipulated to by the parties.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. _____**

**INTERPRETATION–CONSTRUCTION AGAINST DRAFTER**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

~~In determining the meaning of a term of the contract, you must first consider all of the instructions that I have given you.  If, after considering these instructions, you still cannot agree on the meaning of the term, then you should interpret the contract term against the party that drafted the disputed term.~~

Authority:  *Judicial Council of California Model Civil Jury Instructions*, CACI No. 320 (December 14, 2010).

Court Note:  This disputed instruction was proposed by Defendant.  Plaintiff objects to its inclusion because it is "irrelevant to the facts of this case, and therefore likely to mislead the jury."  Plaintiff also argues that the guidelines for the use of the rule explicit limit its use to "a deadlocked jury, so as to avoid giving them this tool to resolve the case before they have truly exhausted the other avenues of approach."  CACI No. 320 ("Directions for Use").  This instruction should be excluded because the instruction is aimed at contracts  where one party has a greater ability to dictate the terms of the agreement than the other party, *see* CACI No. 320 ("Sources and Authority") ("This rule is applied more strongly in the case of adhesion contracts."), not the case here.

**JURY INSTRUCTION NO. 36**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL**

**FACTUAL ELEMENTS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

Onyx claims that Bayer violated the duty to act fairly and in good faith. Bayer denies this. To establish this claim, Onyx must prove all of the following:

1.     That Onyx did all, or substantially all of the significant things that the contract required it to do;

2.     That Bayer unfairly interfered with Onyx's right to receive the benefits of the contract; and

3.     That Onyx was harmed by Bayer's conduct.


Source:  Judicial Council of California Model Civil Jury Instructions, CACI No. 325 (December 14, 2010).


Court Note:  See above discussion regarding implied covenant of good faith and fair dealing.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 37**

**FIDUCIARY DUTY OF UNDIVIDED LOYALTY – ESSENTIAL FACTUAL ELEMENTS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Parties to a joint venture owe each other what is called a "fiduciary duty," which is a duty to act with the utmost good faith in the best interests of each other. This fiduciary duty includes a duty of undivided loyalty. Onyx claims that Bayer breached its fiduciary duty of loyalty. To establish its claim, Onyx must first prove that Bayer and Onyx were joint venturers. A joint venture exists when two or more parties combine their property, ski ll, or knowledge to carry out a single business undertaking and agree to share the control, profits, and losses, and a right of joint control. A joint venture can be formed by a written or oral agreement or by an agreement implied by the parties' conduct.

If you find that a joint venture existed between Bayer and Onyx, then Onyx must further prove the following to prevail on its claim for breach of fiduciary duty:

1.   That Bayer knowingly acted against Onyx's interest by either:

    a.   refusing to treat DAST as a Collaboration Compound if it should have been covered under the Collaboration Agreement; or

    b.   blocking or delaying Nexavar clinical trials because of its interest in DAST

2.   That Onyx did not give informed consent to Bayer's conduct;

3.   That Onyx was harmed; and

4.   That Bayer's conduct was a substantial factor in causing Onyx's harm

Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI Nos. 3712, 4100, 4102 (December 14, 2010) (modified); *Holtz v. United Plumbing & Heating Co.*, 49 Cal. 2d 501, 506 (1957).

Court Note: This disputed instruction was proposed by Plaintiff. Defendant objects to any instruction where the jury is permitted to find that Defendant breached a fiduciary duty by refusing to treat DAST as a Collaboration Compound. Defendant argues that if Plaintiff's claim that DAST

is a Collaboration Compound is rejected because the Court or jury determines that DAST is not a

Collaboration Compound, Plaintiff should not be allowed to recover under a theory that Defendant

'refused to treat' a non-Collaboration Compound as a Collaboration Compound.

The jury instruction has been modified to indicate that there can be a breach of the fiduciary

duty only if Defendant should have treated DAST as a Collaboration Compound under the

Agreement.

INSTRUCTION NO. _____

**FIDUCIARY DUTIES LIMITED BY CONTRACT**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

~~The fiduciary duties owed to each other may be set forth in a written contract.~~

Authority:  *AB Group v. Wertin*, 59 Cal. App. 4th 1022, 1037 (1997) (finding that fiduciaries can modify their relationship by contract because "[p]artners or joint venturers often have a legitimate business need to modify duties imposed by law in discrete, limited ways");Cal. Corp. Code § 15901.10 (West) (partnership agreement may "[i]dentify specific types or categories of activities that do not violate the duty of loyalty, if not manifestly unreasonable"); *see also Nolan v. Virginia Inv. Fund Ltd. Pt'ship*, 833 So. 2d 853, 856 (Fla. Dist. Ct. App. 2002) (under Delaware law, "[p]rinciples of contract preempt fiduciary principles where the parties to a limited partnership have made their intentions to do so plain"); *Greenwood v. Koven*, 880 F. Supp. 186, 194 (S.D.N.Y. 1995) (finding no breach of fiduciary duty because "the terms of an agency relationship may be modified by contract") *citing* Restatement (Second) of Agency § 387 (1958) ("Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency.") (emphasis added); *Rose v. Nat'l Auction Group*, No. 209582, 2000 WL 33522372 (Mich. Ct. App. Mar. 7, 2000) *rev'd in part on other grounds sub nom. Rose v. Nat'l Auction Group, Inc*., 466 Mich. 453, 646 N.W.2d 455 (2002) ("[T]he duties and liabilities of a fiduciary relationship may be modified by contract.").

Court Note:  This disputed instruction was proposed by Defendant.  Defendant argues that it is necessary to show that parties can limit their duties by contract, and that the parties did so in this case by including an express covenant of good faith and a separate provision defining when and how the parties may compete with each other.  However, as discussed above, there is no indication that the contract expressly contradicts the implied covenant of good faith and fair dealing, and thus the two can coexist.  As a result, this instruction is rejected.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 38**

**AFFIRMATIVE DEFENSE – WAIVER**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Bayer claims that Onyx cannot recover on its allegation that Bayer blocked or delayed the development of Nexavar for CRC-KRAS because Onyx gave up its right to seek that recovery.  This is called a "waiver."  Onyx denies this.

To succeed with respect to this defense, Bayer must prove all of the following by clear and convincing evidence:

1.   Onyx had actual knowledge of all the material facts connected with the alleged waiver;

2.   Onyx understood the Collaboration Agreement to require that Bayer go forward with the clinical trial for CRC-KRAS; and

3.   Onyx freely and knowingly gave up its right to have Bayer perform this obligation.

A waiver may be oral or written or may arise from conduct that shows that Onyx gave up its right.

If Bayer proves that the above elements were satisfied, then Bayer was not required to go forward with the clinical trials for CRC-KRAS.

Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI No. 336 (December 14, 2010) (modified).

Court Note:  Defendant objects to the requirement that "Onyx had actual knowledge of all the material facts connected with the alleged waiver."  This knowledge element  is an accurate statement of the law.  Although the model instruction does not include knowledge material facts in its elements, the sources and authorities cited by the model instruction state that "[t]here can be no waiver where the one against whom it is asserted has acted without full knowledge of the facts.  It cannot be presumed, in the absence of such knowledge, that there was an intention to waive an existing right."  CACI No. 336 ("Sources and Authority") (citing *Craig v. White*, 187 Cal. 489, 498

-47-

1   (Cal. 1921)); *see also Oakland Raiders v. Oakland-Alameda Cnty. Coliseum*, 144 Cal. App. 4th

2   1175, 1192 (2006) (finding that a plaintiff has waived his right to a claim of damages for fraudulent

3   inducement "where a party, with full knowledge of all the material facts, does an act which indicates

4   his intention to stand to the contract, and waive all right of action for fraud").

**JURY INSTRUCTION NO. 39**

**AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Bayer asserts as a defense that Onyx is barred from claiming that Bayer wrongfully blocked the CRC-KRAS trials because Onyx agreed not to proceed with those trials.  This is called Equitable Estoppel.  Onyx denies this.

To establish this defense, Bayer must prove all of the following:

1.     That Onyx made a representation of fact by words or conduct intending that Bayer should rely on it;

2.     That Onyx knew the facts;

3.     That Bayer was ignorant of the true state of facts; and

4.     That Bayer reasonably relied on Onyx's representation to Bayer's injury.  Bayer's reliance must be reasonable in the sense that under the circumstances a reasonable person would have acted as Bayer did.

Authority:  Matthew Bender, Cal. Forms of Jury Instruction No. 300F.27 (2010).

Court Note:  This instruction was stipulated to by the parties.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 40**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Bayer contends that Onyx's lawsuit was not filed within the time limit set by law. Under California law, the applicable statute of limitations is four years. To succeed on this defense, Bayer must prove that Onyx's claimed harm occurred before May 15, 2005 *and* that Onyx had notice of its claims against Bayer before that date.

1.　Date of harm.

As to whether Onyx was harmed before May 15, 2005, a party is only deemed to be harmed at the point where it has sustained injury or damage. Therefore, you must determine if Bayer's conduct with respect to DAST had injured or damaged Onyx before May 15, 2005. If you find it had not, you must rule for Onyx on Bayer's statute of limitations defense.

2.　Notice of claims.

If you find [that] Onyx was harmed before May 15, 2005, you must next determine if Onyx had notice of its claims before that date. Bayer does not claim that Onyx had actual notice of its claims before May 15, 2005. Instead, Bayer claims Onyx had "constructive notice" of its claims. Constructive notice occurs when a party does not actually know the facts underlying its claim, but is treated as having known them, because a reasonable person in that party's position would have learned the facts through investigation.

3.　Breach of fiduciary duty.

Bayer's assertion that Onyx had constructive notice of its claims does not apply if you find that Bayer owed Onyx a fiduciary duty during this timeframe. To decide if Bayer owed Onyx a fiduciary duty, you should refer back to the instruction I gave you earlier on that issue.

Given all this, you ~~should~~ [must] rule in Bayer's favor on its statute of limitations defense only if you find all of the following:

1    1.    Bayer had injured or damaged Onyx (as a result of Bayer's failure to treat DAST as a

2    Collaboration Agreement Compound) before May 15, 2005;

3    2.    Bayer did *not* breach a fiduciary duty owed to Onyx between February 3, 2005 and

4    May 15, 2005;

5    3.    Prior to May 15, 2005, a reasonable company in Onyx's position would have had

6    reason to be suspicious of Bayer and would have searched Bayer's patent filings for evidence that

7    Bayer was misappropriating Onyx's property; and

8    4.    A reasonable company in Onyx's position that had seen Bayer's patent application(s)

9    for DAST (a) would have realized, before May 15, 2005, that Bayer was claiming sole rights to the

10   profits for DAST in violation of the Collaboration Agreement or (b) would have inquired further and

11   learned those facts before May 15, 2005.

12

13   Authority:  Judicial Council of California Model Civil Jury Instructions, CACI No. 4120

14   (December 14, 2010) (modified).

15   **No cause of action until injury or damage occurs**: *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d

16   1125, 1133-34 (N.D. Cal. 2009); *Cleveland v. Internet Specialties West, Inc.*,

17   171 Cal. App. 4th 24 (2009)

18   **Where there is a fiduciary relationship, actual knowledge of harm is required and constructive**

19   **knowledge is inadequate**: *Eisenbaum v. W. Energy Res. Inc.*, 218 Cal. App. 3d 314, 324-25 (1990);

20   *Scognamillo v. Credit Suisse First Boston LLC* , No. C03-2061 TEH, 2005 U.S. Dist. LEXIS 7162,

21   at *32-34 (N.D. Cal. Mar. 21, 2005); *Fenn v. Yale Univ.*, 283 F. Supp. 2d 615, 636-38 (D. Conn.

22   2003) (failure to affirmatively disclose a patent to fiduciary tolled the statute of limitations until

23   actual discovery); *Stark v. Adv. Magnetics, Inc.*, 50 Mass. App. Ct. 226 (2000)

24   **Duty to search patents is only imposed if a party is on inquiry notice**: *Hobart v. Hobart Estate*

25   *Co.*, 26 Cal. 2d 412, 442 (1945); *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923,

26   2005 U.S. Dist. LEXIS 46595, at *19 (N.D. Cal. May 18, 2005) ("[Plaintiff] was not chargeable

27   with notice of the publication of [defendant's international patent] application unless and until

28   [plaintiff] had reason to suspect that its confidential information had been misappropriated, thus

triggering a duty for [plaintiff] to inquire further."); *Orbusneich Med. Co. Ltd. v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 117 (D. Mass. 2010) (duty to search a defendant's patent filings "arises only when sufficient facts were available to provoke a reasonable person to investigate their contents."); *Yeda Res. & Dev. Co. Ltd. v. Imclone Sys. Inc.*, 443 F. Supp. 2d. 570, 630 n.89 (S.D.N.Y. 2006) **Constructive notice of patent does not necessarily provide notice of claim**: *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398-99 (9th Cir. 1991); *Applera Corp.- Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 927963, at *1 (N.D. Cal. Apr. 4, 2008) ("[C]onstructive notice of the patent itself may still not place a plaintiff on notice of critical facts of its alleged claims.")

Court Note:

The primary dispute between Defendant and Plaintiff is whether the publication of the patent application constituted constructive notice of the patent.

The Court finds that Plaintiff's instruction is an accurate depiction of the law, and that the publication of the patent application does not automatically constitute constructive notice of the patent. While the Supreme Court has observed that "[i]ssuance of a patent and recordation in the Patent Office constitute[s] notice to the world of its existence," this observation was *dicta* as the parties therein had already agreed that patent issuance and recordation put the world on notice. *Wine Ry. Appliance Co. v. Enterprise Ry. Equip Co.*, 297 U.S. 387, 393; *see also Applera Corp.-Applied Biosys. Corp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 927963, at *1 (N.D. Cal. Apr. 4, 2008). Likewise, the Ninth Circuit's discussion in *General Bedding* of whether patent recordation constitutes notice was also *dicta*, as the parties therein had already agreed that the issuance of the patent gave the plaintiff constructive notice of the patent.

In denying summary judgment on this issue, Judge Patel had already found that Defendant's statute of limitations argument is distinguishable because it is based on the *publication* of a patent application, rather than the issuance of the patent. Docket No. 143 at 14. Judge Patel found Onyx did not have a duty (as a matter of law) to investigate Bayer's patent filings, thus leaving the issue for trial.

United States District Court

For the Northern District of California

1    As noted in the authorities cited above, a number of courts have found a party is chargeable

2 with notice of the publication of an application where there is inquiry notice sufficient to trigger a

3 duty to be searching for such patent applications rather than constructive notice based on a *per se*

4 rule.  In *Synopsys, Inc. v. Magma Design Automation, Inc.*, the court found that the plaintiff "was

5 not chargeable with notice of the publication of [the defendant's patent] application until [the

6 plaintiff] had reason to suspect that its confidential information had been misappropriated, thus

7 triggering a duty for [the plaintiff] to inquire further."  No. C-04-3923 MMC, 2005 U.S. Dist.

8 LEXIS 46595, at *19 (N.D. Cal. May 18, 2005); *see also OrbusNeich Med. Co., Ltd., BVI v. Boston*

9 *Sci. Corp.*, 694 F. Supp. 2d 106, 116-17 (D. Mass. 2010) ("[T]he limitations period is triggered

10 when the plaintiff has enough information to suggest that he has suffered an injury caused by the

11 defendant's conduct.  The court must ask whether sufficient facts were available to provoke a

12 reasonable person in the plaintiff's circumstances to inquire or investigate further.  If so, the plaintiff

13 is charged with the constructive notice of what he or she would have uncovered through a

14 reasonably diligent investigation.") (citation omitted).  The Court finds these authorities persuasive.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 41**

**AFFIRMATIVE DEFENSE – LACHES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Bayer claims that this lawsuit was not filed within a reasonable time. This is called "Laches." Onyx denies this claim.

To prevail on this defense, Bayer must prove both of the following:

1.      That Onyx unreasonably delayed in bringing this lawsuit; and

2.      That Bayer was prejudiced by Onyx's delay in bringing this action.


Authority:  Matthew Bender, Cal. Forms of Jury Instruction No. 4200A.76 (2010) (modified).


Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 42**

**UNCLEAN HANDS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Bayer has asserted affirmative defenses of Laches, Waiver, and Equitable Estoppel. Onyx claims that Bayer's misconduct precludes Bayer's reliance on each of these defenses under the doctrine of "unclean hands." To establish that Bayer has "unclean hands" such that it may not rely on one of [or] more of these defenses, Onyx must prove that:

1.    Bayer's conduct was unconscionable and resulted in prejudice to Onyx;

2.    Bayer's misconduct was directly related to Bayer's asserted affirmative defense; and

3.    Bayer's conduct was of such a prejudicial nature that it would be unfair to allow Bayer to rely on its asserted affirmative defense.

If each element is established by Onyx with respect to an affirmative defense, then Bayer is barred from asserting that affirmative defense.

Authority:  Cal. Forms of Jury Instruction 300F.29 (2011).

Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 43**

**INTRODUCTION TO DAMAGES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

If you decide that Onyx has proved that Bayer breached the Collaboration Agreement, the implied covenant of good faith and fair dealing, or any fiduciary duties owing to Onyx, by blocking or delaying the development of Nexavar, you also must decide how much money will reasonably compensate Onyx for the harm caused by any breach.  This compensation is called "damages."

Please note that if you determine DAST is a Collaboration Compound under the Collaboration Agreement, you may not assign damages for Bayer's claim to sole ownership of DAST.  It is solely up to the Court to award a remedy for this claim.  You may only assign breach of contract damages if you find that Onyx has been injured by Bayer's conduct with respect to the development of Nexavar for CRC-KRAS or Breast AI.

The purposes of damages for breach of contract or breach of the implied covenant of good faith and fair dealing is to put Onyx in as good a position as it would have been in if Bayer had performed as promised. To recover damages for either of these claims, Onyx must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract or the implied covenant of good faith and fair dealing; or

2. That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

To recover damages for breach of fiduciary duty, Onyx must prove that the alleged breach was a substantial factor in causing the harm complained of.

Onyx must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages. But you must not speculate or guess in awarding damages.

Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI Nos. 350 and 3901 (December 14, 2010) (modified).

Court Note:  This disputed instruction was proposed by Onyx.  It includes an additional paragraph indicating that the jury should not award damages on the issue of whether DAST is a Collaboration Compound.  It is an accurate statement of the relief sought, provides clarity to the jury, and is not prejudicial to Onyx.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 44**

**LOSS OF PROFITS**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Onyx seeks damages in the form of lost profits. To recover damages for lost profits, Onyx must prove that it is reasonably certain it would have earned profits but for Bayer's breach of contract.  Reasonable certainty means that it is "more likely than not" (that is, there is a greater than 50% chance) that Onyx would have earned profits but for Bayer's conduct.

Here, Onyx claims that but for Bayer's conduct, Nexavar would have been approved for the CRC-KRAS indication and for the Breast AI indication. Bayer asserts that Onyx has not established that it is "reasonably certain" that Nexavar has suffered damages with respect to either the CRC-KRAS indication or Breast AI indication in the U.S. If Onyx does not prove that it is "reasonably certain" that Onyx has suffered damages based on these theories, then it cannot recover.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount Onyx would have received if the contract had been performed and then subtract from that amount the costs, including the expense that would have been required to conduct the clinical trials necessary to obtain regulatory approval, Onyx would have had in the contract had been performed.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.


Authority:  Judicial Council of California Model Civil Jury Instructions, CACI No. 352 (December 14, 2010) (modified); *Wagner v. Apex Marine Ship Mgmt. Corp.*, 83 Cal. App. 4th 1444, 1452 (2000); *Wilson v. Johns-Manville Sales Corp.*, 684 F. 2d 111, 119 (D.C. Cir. 1982).


Court Note:  This instruction was stipulated to by the parties.

**JURY INSTRUCTION NO. 45**

**PLAINTIFF MAY NOT RECOVER DUPLICATE CONTRACT AND TORT DAMAGES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

Onyx has made claims against Bayer for breach of contract, breach of the implied covenant of good faith and fair dealing as well as a claim for breach of fiduciary duty.  If you decide that Onyx has proved more than one of its claims, the same damages that resulted from those claims can be awarded only once.


Authority: *Judicial Council of California Model Civil Jury Instructions*, CACI No. 361 (December 14, 2010).

**JURY INSTRUCTION NO. 46**

**BAYER-RELATED ENTITIES**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

      If any Bayer-related defendant is liable to Onyx, all Bayer-defendants are liable on the same bases.

Court Note:  This instruction was stipulated to by the parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 47**

**PUNITIVE DAMAGES – RECOVERY OF AND MEASURE**

**[TO BE READ AT CLOSE OF EVIDENCE AND BEFORE ARGUMENTS]**

If you find that Onyx suffered actual injury, harm, or damage caused by Bayer's breach of fiduciary duty, you should then consider whether you should award punitive damages against Bayer, for the sake of example and by way of punishment. You should in your discretion award punitive damages, if, but only if, you find by clear and convincing evidence that Bayer was guilty of oppression, fraud, or malice in the conduct on which you base your finding of liability.

"Malice" means conduct which is despicable conduct which is carried on by Bayer with a willful and conscious disregard for the rights of others. A defendant acts with conscious disregard of the rights of others when it is aware of the probable consequences of its conduct and willfully and deliberately fails to avoid those consequences.

"Oppression" means despicable conduct that subjects a person or entity to cruel and unjust hardship in conscious disregard of that person or entity's rights.

"Despicable conduct" is conduct which is so vile, base, contemptible or loathsome that it would be looked down upon and despised by ordinary decent people.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to Bayer with the intention on the part of Bayer of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

The law provides no fixed standards as to the amount of such punitive damages, but leaves the amount to the jury's sound discretion, exercised without passion or prejudice.

In arriving at any award of punitive damages, consider the following factors:

1. The reprehensibility of the conduct of Bayer;

2. The amount of punitive damages which will have a deterrent effect on Bayer in light of Bayer's financial condition;

3. That the punitive damages must bear a reasonable relation to the injury, harm, or damage suffered by Onyx.

The phrase "injury, harm, or damage" includes not only that actually caused by Bayer's conduct but also potential injury, harm or damage caused by Bayer's wrongful conduct.

If you find that Onyx is entitled to an award of punitive damages, you must state the amount of punitive damages separately in your verdict.

Source:  BAJI No. 14.71 (2011).

Court Note:  The Court prefers this instruction because it accurately reflects applicable California law, and is based on a widely used and accepted form instruction.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 48**

**COMMUNICATION WITH COURT**

**[TO BE GIVEN AT THE CLOSE OF ARGUMENTS]**

　　If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority:  9th Cir. Model Civil Jury Instruction No. 3.2.

**JURY INSTRUCTION NO. 49**

**DUTY TO DELIBERATE**

**[TO BE GIVEN AT THE CLOSE OF ARGUMENTS]**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  *Manual of Model Jury Instructions*, CJI No. 3.14 (9th Cir. 1993 Ed.).

Court Note:  This instruction was stipulated to by the parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 50**

**RETURN OF VERDICT**

**[TO BE GIVEN AT THE CLOSE OF ARGUMENTS]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in, date, and sign the verdict form or forms and advise the court that you have reached a verdict.


Authority:  *Manual of Model Jury Instructions*, CJI No. 3.15 (9th Cir. 1993 Ed.).


Court Note:  This instruction was stipulated to by the parties.